ONONDAGA COUNTY SAVINGS BANK v. ROBINSON et al.  (two cases).
SAME v. FALSEY et al.  (two cases).

(Supreme Court, Appellate Division, Third Department.  March 26, 1912.)

APPEAL AND ERROR (§ 1041*)—PLEADING—AMENDMENT—REVIEW.

 Defendant was not prejudiced by an order authorizing plaintiff to file a supplemental complaint, where the new matter pleaded therein might have been proven under the original.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4106–4109; Dec. Dig. § 1041.*]

Appeal from Special Term, Broome County.

Actions by the Onondaga County Savings Bank against Emma A. Robinson, as trustee, and others, and against James M. Falsey, impleaded. From an order of the Broome County Special Term, entered in the office of the clerk of Chemung county on December 21, 1911, authorizing plaintiff to serve an amended and supplemental complaint, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, and BETTS, JJ.

David C. Robinson and Charles H. Knipp, for appellants.

Stone & Stone (C. L. Stone, of counsel), for respondent.

PER CURIAM. Reversal of the order is sought upon the ground that it authorizes service of a supplemental complaint, which was not asked for in the moving papers, and for which the record shows no

---

grounds. The order permits the service of the amended complaint as prayed for, and then continues, "and a further complaint supplemental thereto." There had already been a complaint, an amended complaint, and a supplemental complaint. The first amended complaint alleged, in substance, that other insurance premiums would accrue during the pendency of the action, and a part of the relief asked for was that the judgment should provide for the payment thereof. Under this complaint, proof might have been given of the payment of taxes or insurance premiums authorized by the mortgage to the time of the trial.

A motion is now before us to dismiss this appeal. In the papers used thereon it appears that a supplemental complaint has in fact been served under the order appealed from, setting up as new matter only the necessary payment of taxes and insurance since the service of the former complaint. As the new matter thus pleaded might have been proven under the former complaint, the question upon this appeal has become academic, and that part of the order, if irregular, has not harmed appellant. See, also, Mutual Life Ins. Co. v. Hoyt, 15 N. Y. Wkly. Dig. 489.

The order should therefore be affirmed, but without costs.